IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE NOVIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-52-BN |
| | § | |
| HOLLOWAY FUNDING GROUP, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Holloway Funding Group ("HFG") has filed a motion for summary judgment. *See* Dkt. No. 35. Plaintiff Steve Noviello filed a response. *See* Dkt. No. 41. HFG filed a reply. *See* Dkt. No. 44.

For the reasons and to the extent explained below, the Court grants in part and denies in part the motion for summary judgment, granting the motion as to counts one, four, and five of the complaint and denying the motion as to counts two and three of the complaint.

**Background**

Noviello filed a complaint against HFG, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the TCPA), and common law claims for negligent training, hiring, and supervision and for invasion of privacy. *See* Dkt. No. 1 at 1.

Noviello is the owner of the cell phone with the phone number ending in 0779. Dkt. No. 1 at 2. He alleges that he uses this "cell phone primarily for residential

-1-

purposes." *Id.* at 3. He registered this cell phone on the national DNC registry in January of 2016. *See id.*

Noviello alleges that he received a total of three telemarketing calls and fourteen telemarketing texts from HFG for the purpose of providing financing to business owners and entrepreneurs. *See id.* at 3-5. Noviello instructed HFG not to call him again after the third call. *See id.* at 4. After this, Noviello alleges that he received seven of the fourteen texts from HFG. *See id.* at 5.

Noviello alleges that he did not consent to the communications and that he had no existing business relationship with HFG. *See id.* at 4.

HFG has now filed this motion for summary judgment on all of Noviello's claims. *See* Dkt. No. 35.

## Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of

a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and

designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party

has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL

2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

### I.    Evidentiary Objections

#### A.  The Noviello declaration is sufficient under 28 U.S.C. § 1746.

The Noviello declaration is competent summary judgment evidence.

An unsworn affidavit is incompetent to raise a fact issue at summary judgment. *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). But "a statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath." *Id*. The statement must be "subscribed by [the affiant] as true under penalty of perjury, and dated, in substantially the following form: … 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746.

This verification statement "need not explicitly track the language of the statute." *Jorge v. Atl. Hous. Found., Inc.*, No. 3:20-cv-2782-N, 2022 WL 1082345 at *3 (N.D. Tex. Apr. 11, 2022). But a verification statement that "allows the affiant to

circumvent the penalties for perjury in signing onto intentional falsehoods, does not conform to the statute's requirements." *Id.* (cleaned up).

HFG objects to the Declaration of Steve Noviello. *See* Dkt. No. 42 at 2-5. HFG claims that "Plaintiff named this document as a 'Declaration,' but nowhere in it does he swear to the truth of the allegations or place himself under penalty of perjury. As such the Declaration is hearsay." Dkt. No. 44 at 1.

But the verification statement reads: "I, Steve Noviello, hereby certify that the foregoing is true and correct, subject to the penalty of perjury. (Signature)." Dkt. No. 42 at 5. It is dated November 18, 2022, on the cover page of the appendix. This is substantially the same form as that set out in Section 1746. The verification statement does not attempt to "circumvent the penalties for perjury." *Jorge*, 2022 WL 1082345 at *3 (cleaned up). And so it is competent summary judgment evidence.

## B. The statement about the list of leads is hearsay.

HFG's statement in its motion for summary judgment about the list of leads is not competent summary judgment evidence.

Hearsay is a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c)(2). Courts may not "properly consider hearsay evidence in affidavits." *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (citing FED. R. CIV. P. 56(e) ("affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence")).

Noviello objects to the following statement from Adam Wines's declaration and the list that it describes [Dkt. No. 36 at 3-6]:

> HFG obtained Plaintiff's name and phone number from a third party when it purchased a list of leads. The list was supposed to include only business phone numbers that had been called within the last thirty days and the business called had expressed an interest in financing and consented to further contact by phone. In other words, Plaintiff's phone number was on this list because he gave expressly gave his consent to be called at this number about business financing.

Dkt. No. 36 at 4-5.

The list that this statement describes is a statement made out of court. HFG is offering this statement for the truth of the matter asserted: that HFG obtained Noviello's information from a list of business phone numbers that had consented to further contact by phone. HFG has not produced the list nor has it set forth a hearsay exception under which the list can be admitted. And so the list and the description of the list in paragraph 8 of Wines's declaration are not competent summary judgment evidence.

### C. The videos are not more prejudicial than probative under Federal Rule of Evidence 403.

The videos described in HFG's motion for summary judgment are competent summary judgment evidence.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. But "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." FED. R. EVID. 403.

Noviello objects to the use of the videos described in paragraphs 12 and 13 of HFG's motion for summary judgment. He argues that the videos, which depict him in his job as a newscaster saying that he "look[s] forward to robocallers" because "the law allows us to collect cash when they call" [Dkt. No. 35 at 4], are more prejudicial than probative and are used to make him look "insincere and money-hungry, rather than aggrieved." Dkt. No. 41 at 9.

HFG argues that the videos are relevant because they "rebut [Noviello's] claims that he was emotionally harmed by these calls." Dkt. No. 44 at 2.

The "trial judge has wide discretion" in making a Rule 403 determination. *Spring v. Beverly Enterprises Mississippi, Inc.*, 208 F.3d 1007 (5th Cir. 2000). In *Spring*, the court found that an alleged victim of assault and battery's unwillingness to file suit was more probative of the quantum of damages that she suffered than prejudicial.

And the Court's discretion is wider here because, "[a]t the summary judgment stage, there is no danger that failing to exclude this evidence would mislead or confuse the jury." *Smith Tank & Steel, Inc. v. Frio Water Holdings, Ltd.*, No. 5:18-cv-202-H, 2020 WL 13490862 at *5 (N.D. Tex. Jan. 3, 2020).

Here, the videos are probative of whether or not Noviello suffered damages, which is of consequence to his tort claims. The Court finds that this probative value is not substantially outweighed by the prejudicial value of the videos.

The Court will not exclude the evidence of the videos as summary judgment evidence.

## II.     Count One: Use of an Automatic Telephone Dialing System under 47 U.S.C. §227(b)

In his response to the motion for summary judgment, Noviello abandoned his claim under 47 USC § 227(b). And so Noviello's claim under 47 U.S.C. § 227(b) is dismissed.

## III.    Count Two: Calls to a residential number on the do not call list under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)

Noviello's count two survives summary judgment.

Under 47 C.F.R. § 64.1200(c), "[n]o person or entity shall initiate any telephone solicitation to … [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." This is applicable to telemarketers "making telephone solicitations … to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

"[C]ourts have held that cellular telephones can qualify as residential telephones, so long as a plaintiff pleads that the cellular telephone is used for residential purposes." *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-cv-1598-D, 2022 WL 562761 at *2 (N.D. Tex. Feb. 24, 2022) (collecting cases); *accord Powers v. One Techs., LLC*, No. 3:21-cv-2091, 2022 WL 2992881 *3 (N.D. Tex. July 28, 2022) ("the question of whether a subscriber is 'residential' is fact-intensive and for practical reasons [the FCC, the agency tasked with regulating the TCPA,] 'presume[s] [that] wireless subscribers who ask to be put on the national do-not-call list [are] residential subscribers.'" (quoting *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003))); *but see Cunningham v. Creative Edge*

*Mktg. LLC*, No. 419CV00669ALMCAN, 2021 WL 3085415 at *4 (E.D. Tex. June 16, 2021), *rep. & rec. adopted*, No. 4:19-CV-669, 2021 WL 3085399 (E.D. Tex. July 20, 2021).

The United States Court of Appeals for the Ninth Circuit recently discussed how to analyze whether a phone line is a residential phone line for purposes of Section 64.1200(c) and (d) when the phone is used for both residential purposes and business purposes:

> [I]n the view of the FCC, a subscriber's use of a residential phone (including a presumptively residential cell phone) in connection with a home-based business does not necessarily take an otherwise residential subscriber outside the protection of § 227(c).
>
> A few district courts have held, despite the view of the FCC, that a phone used for both personal and businesses purposes is not a residential phone for purposes of § 227(c).… However, the majority of district courts have concluded that a phone used for both personal and business purposes can still be regarded as residential within the meaning of § 227(c), depending upon the facts and circumstances….
>
> Relying on the FCC's regulations and orders, we agree with the view of the majority of the district courts and conclude that a presumptively residential cell phone can be residential even when used for both personal and business purposes. However, the FCC has not made clear, when a phone is used for both purposes, how to determine whether a phone is "residential."
>
> [D]istrict courts have considered: (1) whether plaintiffs have held out to the public or advertised their phone numbers for business purposes; (2) whether plaintiffs' phones are registered with the telephone company as residential or business lines, including whether the phones are part of a family usage plan; (3) whether, and the extent to which, plaintiffs use their phones for business transactions or employment; (4) whether, and the extent to which, plaintiffs' employers (or other business entities) pay for or reimburse plaintiffs for their phone bills.

*Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1224-25 (9th Cir. 2022) (citations omitted).

HFG argues that this regulation does not apply to Noviello because his "number is not a residential number," but rather a business number, where he lists the number for two businesses and uses it for business purposes. Dkt. No. 35 at 6. Noviello responds that he uses the cell phone for residential purposes, is personally the subscriber and the one billed for the telephone line, and uses the cell phone as his residential telephone because he does not have a landline telephone.

This is a fact-intensive inquiry. *See Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. 2020). A reasonable jury could find that Noviello's cell phone could be considered a residential line for purposes of Section 64.1200(c) and (d). Noviello has created a genuine issue of material fact as to whether his cell phone is a residential line.

One exception to this regulation is if the telemarketer "has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller." 47 C.F.R. § 64.1200(c).

HFG alleges that Noviello "gave his consent to be contacted on the cell phone number in question." Dkt. No. 35 at 6.

Consent is an affirmative defense to Section 64.1200(c). *See Hirsch*, 337 F.R.D. at 130 n. 4. HFG must establish beyond peradventure that Noviello consented to be contacted by HFG.

HFG does not meet this bar. It does not provide a written, signed agreement between HFG and Noviello stating that Noviello consented to be contacted. It does not provide any evidence of prior permission by Noviello for HFG to contact him.

There remains a genuine issue of material fact as to whether HFG contacted Noviello in violation of 47 C.F.R. § 64.1200(c), and the Court will not grant summary judgment on this claim.

## IV.   Count Three: Internal policy and training on TCPA under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)

Noviello's count three survives summary judgment.

Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures [and training] for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." Section 64.1200(d)(6) requires that telemarketers honor do-not-call requests for five years from the time the request is made.

HFG alleges that Section 227(c) – which prescribes violations of Section 64.1200(d), *see Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-cv-00337-M, 2017 WL 10486988 at *4 (N.D. Tex. Nov. 2, 2017) – "does not provide an independent private cause of action for failing to comply with the regulations," Dkt. No. 35 at 7.

The Court disagrees. Section 227(c)(5)'s private right of action extends to Section 64.1200(d) because Section 64.1200(d) is promulgated under Section 227(c). *See* 47 U.S.C. 227(c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

-14-

regulations prescribed under this subsection may" bring an action); *Powers*, 2022 WL 2992881 at *2; *Hunsinger*, 2022 WL 562761; *Cunningham*, 2017 WL 10486988 at *4.

Noviello alleges that HFG "has exhibited actions which run contrary to any purported internal do-not-call-policy" because Noviello's request to no longer be contacted by HFG was not honored. Dkt. No. 41 at 17. HFG alleges that it did not contact Noviello after Noviello requested not to be contacted. *See* Dkt. No. 35 at 3.

At summary judgment, the Court must resolve all disputed factual controversies in favor of the nonmoving party. Noviello has created a genuine issue of material fact as to whether HFG honored Noviello's do-not-call request, and the Ccourt will not grant summary judgment on this claim.

## V.    Count Five: Invasion of privacy

Noviello's count five cannot survive summary judgment.

Texas recognizes three distinct injuries under the tort of invasion of privacy: (1) intrusion on seclusion, (2) public disclosure of private facts, and (3) appropriation of name or likeness. *See Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex. 1994). "The elements of a cause of action for invasion of privacy by intrusion upon seclusion are (1) an intentional intrusion upon a person's solitude, seclusion, or private affairs or concerns, (2) that would be highly offensive to a reasonable person, and (3) as a result of which the person suffered an injury." *Baugh v. Fleming*, No. 03-08-00321-CV, 2009 WL 5149928 (Tex. App. – Austin Dec. 31, 2009, no pet.).

"To be actionable, the intrusion must be highly offensive meaning that it must be unreasonable, unjustified, or unwarranted." *Hunsinger v. 204S6TH LLC*, No. 3:21-

cv-2847-G-BH, 2022 WL 1110354 at *6 (N.D. Tex. Mar. 23, 2022) (cleaned up), *rep. & rec. adopted*, 2022 WL 1102864 (N.D. Tex. Apr. 13, 2022). Texas courts "have consistently held that an intrusion upon seclusion claim fails without evidence of a physical intrusion or eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying." *Cunningham v. Mark D. Guidubaldi & Assocs., LLC*, No. 418CV00118ALMCAN, 2019 WL 1119365 at *10 (E.D. Tex. Jan. 11, 2019) (cleaned up), *rep. & rec. adopted*, No. 4:18-CV-118, 2019 WL 1117915 (E.D. Tex. Mar. 11, 2019).

Noviello alleges that, "[b]y sending repeated harassing text messages demanding money after Plaintiff demanded the organization stop the texts, Defendant intruded upon Plaintiff's seclusion." Dkt. No. 1 at 12. But several Texas courts have found that unwanted telemarketing calls, having no basis of physical intrusion or eavesdropping with the aid of wiretaps, microphones, or spying, are not enough to warrant a claim of intrusion on seclusion. *See Hunsinger*, 2022 WL 1110354 at *6; *Cunningham*, 2019 WL 1119365 at *10; *Cunningham v. Professional Educ. Inst., Inc.*, No. 4:17-CV-894, 2018 WL 6709515, at *6 (E.D. Tex. Nov. 5, 2018), *rep. & rec. adopted*, 2018 WL 6701277 (E.D. Tex. Dec. 20, 2018).

Without more, Noviello has not set forth specific facts raising a genuine issue of material fact. This claim cannot withstand summary judgment.

## VI.   Count Four: Negligent hiring and supervision

Noviello's count four cannot survive summary judgment.

Under Texas law, employers have a duty to "adequately hire, train, and supervise employees." *Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446, 459 (Tex. App.– Tyler 1996, no writ). The plaintiff in a negligent hiring and supervision case must "establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff." *See Williams v. Hous. Corp. of Greater Houston*, No. CV H-14-2309, 2016 WL 5795136 at *11 (S.D. Tex. Sept. 16, 2016) (cleaned up), *rep. & rec. adopted*, 2016 WL 5794787 (S.D. Tex. Oct. 4, 2016).

Noviello alleges that he suffered "stress, anxiety, frustration and a disruption of his daily life and ability to spend quality time with his family." Dkt. No. 41 at 18.

But Noviello must also establish that an employee of HFG committed an actionable tort against him. Noviello has unsuccessfully alleged an invasion of privacy and has not alleged that HFG committed any other tort against him.

And so Noviello has not set forth specific facts raising a genuine issue of material fact. This claim cannot withstand summary judgment.

## Conclusion

The Court DENIES summary judgment as to counts two and three of the complaint and GRANTS summary judgment as to counts one, four, and five of the complaint.

SO ORDERED.

DATED: January 9, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE