UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVE NOVIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-00052-BN |
| | § | |
| HOLLOWAY FUNDING GROUP, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION IN LIMINE**

Defendant submits the following response to Plaintiff's Motion in Limine, Doc. 53.

1. <u>Video of Steve Noviello, Defendant's Exhibit 6</u>.

Plaintiff seeks a pretrial ruling excluding an exhibit from evidence, which is not the purpose of a motion in limine. Defendant therefore requests an order denying the motion as to this issue.

No further comment is necessary. If, however, the Court chooses to consider taking some other action in response to Plaintiff's motion, the Court should not enter an order in limine on this issue because the video is relevant for two reasons. First, to recover damages, Noviello must prove an actual injury. The video shows that Noviello welcomes telemarketing calls so he can threaten and/or file lawsuits to collect money. He is, therefore, not harmed by such calls.

Second, the video is relevant to the question of Noviello's standing. The TCPA protects residential telephone subscribers from *unwanted* calls and texts, and as Plaintiff argues in its motion, a single *unwanted* text may confer standing. But a plaintiff who welcomes such calls is not harmed, and thus is not a proper plaintiff to use the judicial system for his own gain.

If Noviello's own words harm his case, such is the consequence of his own actions. The video is not unduly prejudicial, but rather exposes the truth, something the jury should see and hear.

Defendant therefore requests that all relief requested concerning Defendant's Exhibit 6 be denied.

2. Request for relief regarding Plaintiff's Exhibits 3-10 and 12.

The relief Plaintiff is seeking here is not an order in limine seeking to prevent Defendant from raising a matter so prejudicial that it could result in a mistrial. Rather, Plaintiff seeks to skip forward past the requisite presentation of the evidence necessary to lay a foundation for his exhibits, and have them preadmitted. Defendant objects, and requests an order denying Plaintiff the relief requested on this issue.

3. Evidence of Noviello's consent.

Evidence that somewhat touches on consent is relevant to issues beyond the affirmative defense of consent. Holloway purchased a list of business leads including only persons who had given their consent to be contacted by phone about business lending. This evidence is relevant to the question whether Holloway knowingly or willfully violated the TCPA. Defendant therefore requests an order denying the relief requested on this issue.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Law Office of Donald E. Uloth
Texas Bar No. 20374200
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
Counsel for Defendant

2

## CERTIFICATE OF SERVICE

On February 20, 2023, I served a copy of this document to Jacob U. Ginsburg, counsel for Plaintiff, by email to jginsburg@creditlaw.com, with a copy to local counsel, Dena L. Mathis, by email to dena@mathislegal.com.

/s/ Donald E. Uloth
Donald E. Uloth