IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION




| | | |
|---|---|---|
| STEVE NOVIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-52-BN |
| | § | |
| ADAM WINES CONSULTING, LLC d/b/a HOLLOWAY FUNDING GROUP, | § | |
| | § | |
| Defendant. | § | |

**JURY CHARGE AND SPECIAL VERDICT FORM**

**COURT'S INSTRUCTIONS TO THE JURY**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions and the other instructions that I have given you before and during the trial is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law,

you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. But you may consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.

You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but, in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by any passion, prejudice, or sympathy that you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

As used in this charge, the terms “Plaintiff” and “Noviello” refer to the plaintiff, Steve Noviello, and the terms “Defendant” and “Holloway” refer to the defendant, Adam Wines Consulting, LLC d/b/a Holloway Funding Group.

Plaintiff Steve Noviello has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Noviello has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions that you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand; any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have; and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence.

The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to a witness's testimony, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

As I explained at the beginning of the trial, when testimony or an exhibit was admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

During the trial, you may have noticed that some exhibits that were admitted into evidence contained redactions. The reason for those

redactions should not concern you, and you should not speculate about the redacted material, which is not relevant to the matters you are to decide. And you should not let the fact that some information on an exhibit has been redacted influence your decision regarding whether to use or rely on that exhibit in your deliberations.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Adeel Amin was available to both sides. Neither Plaintiff nor Defendant can complain that Adeel Amin was not called to testify, because either Plaintiff or Defendant could have called Adeel Amin.

## STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.

The parties have agreed, or stipulated, that:

1. Noviello is the owner and subscriber to a cell phone, the number for which is (214) 448-0779;

2. Holloway or someone acting on Holloway's behalf called Noviello on April 28, 2021 to solicit funding options;

3. The April 28, 2021 call from Holloway to Noviello was a "telephone solicitation" as defined by the TCPA; and

4. Noviello told Holloway to stop calling on June 14, 2021 and Holloway made a note of that in its system.

This means that both sides agree that each of the above statements is a fact. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

ELEMENTS OF PLAINTIFF'S CLAIMS UNDER THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

This case arises under the Telephone Consumer Protection Act, or TCPA, which is a federal statute.

Do Not Call Registry Claims

The TCPA provides that no person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national Do Not Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

To prove a violation of these do not call restrictions, Noviello must prove by a preponderance of the evidence (1) that he registered his telephone number on the national Do Not Call Registry, (2) that he used his cell phone as a residential telephone subscriber, and (3) that calls or texts were placed or sent on Holloway's behalf to that phone number, two or more times in a calendar year, for the purpose of soliciting goods or services.

The Do Not Call Registry protects "residential telephone subscribers." In deciding whether Noviello used his cell phone as a "residential telephone subscriber," you must give the word "residential telephone" its usual and ordinary meaning. You may also consider: (1) whether Noviello has held out to the public or advertised his phone number for business purposes; (2) whether Noviello's phone is registered with the telephone company as a residential or business line, including whether the phone is part of a family usage plan; (3) whether, and the extent to which, Noviello uses his phone for business transactions or employment; and (4) whether, and the extent to which, Noviello's employer pays for or reimburses him for his phone bills.

For purposes of the TCPA, a text message is considered a "call" just as a voice call would be considered a call.

To violate the do-not-call rules, a telephone call or text must have been a "telephone solicitation." The term "telephone solicitation" means the making or initiation of a telephone call or message for the purpose of encouraging the purchase of, or investment in, property, goods, or services, which is transmitted to any person. In determining whether a call is a telephone solicitation, you should consider whether the purpose of the call was to sell a good, product, or service on the call.

But, if Defendant proves by a preponderance of the evidence that a call or message was made (A) to any person with that person's prior express invitation or permission or (B) to any person with whom the caller has an established business relationship, then that call or message was not a "telephone solicitation" for purposes of the TCPA.

A residential telephone subscriber's "prior express invitation or permission" must be evidenced by a signed, written agreement between the consumer (that is, the subscriber) and the seller, which agreement states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed.

An "established business relationship," in the context of this case, means that each of the following is true: (1) there was a voluntary two-way communication between Plaintiff Steve Noviello and Defendant Adam Wines Consulting, LLC d/b/a Holloway Funding Group, on the basis of (a) Plaintiff Steve Noviello's purchase from or transaction with Defendant Adam Wines Consulting, LLC d/b/a Holloway Funding Group within 18 months immediately before the call or text, or (b) Plaintiff Steve Noviello's inquiry or application regarding services offered by Defendant Adam Wines Consulting, LLC d/b/a Holloway Funding Group within 3 months immediately before the call or text; and (2) neither Plaintiff Steve Noviello nor Defendant Adam Wines Consulting, LLC d/b/a Holloway Funding Group terminated this

relationship. A residential telephone subscriber's requests not to receive calls from a person or entity terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.

Even if a person or entity violates the national do-not-call rules under the TCPA, Holloway can avoid liability if it can establish that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA. To establish this defense, Holloway must prove by a preponderance of the evidence (1) that a telephone call to a residential telephone subscriber was made in error and (2) that it has the following procedures in place designed to avoid calling, or having others call, telephone numbers on the national Do Not Call Registry:

(a) Written procedures to comply with the national do-not-call rules;

(b) It has trained personnel in procedures established pursuant to the national do-not-call rules;

(c) It maintained and recorded a list of telephone numbers that the seller may not contact; and

(d) It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules.

If Defendant establishes that telephone calls were made to telephone numbers on the national Do Not Call Registry in error and Defendant otherwise had the procedures in place to avoid the likelihood of making such errors, then there is no liability.

A party can support a claim of error by showing that the telephone solicitation was made unintentionally, such as by establishing the procedural breakdowns that led to such calls or texts as well as the steps that the party has taken to minimize future errors. But a party

cannot claim error by, without more, showing that it had the procedures listed above in place to avoid the likelihood of making such errors or by showing that it incorrectly believed that it did not need to comply with national do-not-call requirements.

Do Not Call List Claim

Under the TCPA, no entity is allowed to initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

To prove a violation of these restrictions, Noviello must prove by a preponderance of the evidence (1) that he used his cell phone as a residential telephone subscriber and (2) that calls or texts were placed or sent on Holloway's behalf to that phone number for telemarketing purposes without instituting and implementing procedures for maintaining a list of persons who request not to receive telemarketing calls.

For purposes of this claim, "telemarketing" means the making or initiation of a telephone call or message for the purpose of encouraging the purchase of, or investment in, property, goods, or services, which is transmitted to any person.

Under the TCPA, if a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

Vicarious Liability

The TCPA imposes liability for do-not-call violations made directly by the company or, alternatively, "on behalf of" a company. If you find Holloway directly made calls or messages to Noviello in violation of the TCPA, Holloway would be directly liable for those calls or messages. If you find another party placed calls or messages in violation of the do-not-call rules, on behalf of Holloway, Holloway would be vicariously liable for those calls or messages.

DAMAGES

If you find for Noviello on his TCPA claims, you must determine the damages, if any, to award him as damages.

Noviello seeks a statutory damage award, which is permitted for a call or text made in violation of the TPCA. The TCPA permits a plaintiff who brings a lawsuit to recover money just because his rights were violated, even if he does not prove monetary losses or physical damages.

As the Special Verdict Form will reflect, for each call or text made in violation of the TCPA's restrictions for which you may award statutory damages, you may award any amount from $0.00 up to $500.00 in damages.

# FINAL INSTRUCTIONS TO THE JURY

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge and your notes. And I will have sent back the exhibits that the Court has admitted into evidence.

You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Do not deliberate unless all members of the jury are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it and then

alert the Court Security Officer that you have reached a verdict. The Court Security Officer will then deliver the verdict to me.

After you have reached a verdict, the Court will poll each of the jurors in open court after receiving your verdict.

But, other than answering my question when I poll each of you on the verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. In fact, under the Court's rules, a party, attorney, or representative of a party or attorney must not, before or after trial, contact any juror, prospective juror, or the relatives, friends, or associates of a juror or prospective juror, unless explicitly permitted to do so by me.

You may collectively set your schedule for your deliberations, but please let the Court Security Officer know your schedule each day. The Court will honor the schedule that you set for your deliberations and your requests for breaks during your deliberations. But, from time to time, I may communicate directly or through the court staff or the Court Security Officer with you concerning your schedule. This is done primarily for the purpose of anticipating the Court's staffing needs and is not in any way intended to suggest that your deliberations should be conducted at a different pace or on a different schedule.

If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the Court Security Officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. But please keep in mind that you must never disclose to anyone, not even to me, your numerical division on any question.

You may all now proceed to the jury room to begin your deliberations.

DATED: February 27, 2023

DAVID L. HORAN
U.S. MAGISTRATE JUDGE

## SPECIAL VERDICT FORM

This form, known as a "special verdict form," has been prepared for you. This forms contains written questions that will allow you to identify your findings of fact.

Follow the instructions in this verdict form and answer the questions in order as directed. After you have reached unanimous agreement on the answers to the questions, your jury foreperson will fill in the answers on the form, sign and date it, and return it to the Court.'

Answer Question No. 1 and then follow the instructions preceding Question No. 2.

Question No. 1: Did Plaintiff Steve Noviello prove, by a preponderance of the evidence, that he used his cell phone as a residential telephone subscriber?

Answer "Yes" or "No" yes

If you answered "No" to Question No. 1, you are finished. The jury foreperson should sign in the space provided on the last page of this Special Verdict Form and then alert the Court Security Officer that you have reached a verdict.

If you answered "Yes" to Question No. 1, answer Question No. 2 and then follow the instructions preceding Question No. 3.

Question No. 2: Did Plaintiff Steve Noviello prove, by a preponderance of the evidence, that, prior to April 28, 2021, he registered his telephone number – (214) 448-0779 – on the national Do Not Call Registry?

Answer "Yes" or "No" yes

If you answered "No" to Question No. 2, skip Question Nos. 3 through 7 and answer Question No. 8 and then follow the instructions preceding Question No. 9.

If you answered "Yes" to Question Nos. 1 and 2, answer Question Nos. 3 through 6 and then follow the instructions preceding Question No. 7.

Question No. 3: Which of the following calls and texts do you find, by a preponderance of the evidence, were telephone solicitation calls or texts made by Adam Wines Consulting, LLC d/b/a Holloway Funding Group, or someone acting on its behalf, to Plaintiff Steve Noviello?

Answer "Yes" for each call or text, attributable to Adam Wines Consulting, LLC d/b/a Holloway Funding Group, if any, and "No" for all others.

Regarding the call on 4/28/21 listed below as b), the parties have stipulated to this call so the Court has already marked the answer for this call as "Yes," and you do not need to consider this call for purposes of Question No. 3.



a) 4/28/21 2:00 PM CST from 1-888-403-4649 (text);

✓ Yes _____ No

b) 4/28/21 3:35 pm CST from number unknown (call);

__X__ Yes (stipulated)

c) 4/30/21 11:12 AM CTS from 1-833-590-0575 (text);

__✓__ Yes _____ No

d) 5/3/21 4:22 pm CST from number unknown (call);

__✓__ Yes _____ No

e) 5/20/21 10:30 AM CST from 1-855-773-1004 (text);

__✓__ Yes _____ No

f) 5/25/21 11:33AM CST from 1-844-580-2053 (text);

__✓__ Yes _____ No

g) 6/7/21 11:59 AM CST from 1-844-669-0057 (text);

__✓__ Yes _____ No

h) 6/11/21 11:32 AM CST from 1-888-403-4597 (text);

__✓__ Yes _____ No

i) 6/14/21 5:22 pm CST from number unknown (call);

__✓__ Yes _____ No

j) 6/29/21 12:37 AM CST from 1-844-484-0832 (text);

__✓__ Yes _____ No

k) 7/23/21 1:08 PM CST from 1-833-578-0364 (text);

__✓__ Yes _____ No

l) 9/14/21 10:57 AM CST from 1-888-678-1546 (text);

__✓__ Yes _____ No

m) 10/29/21 11:16 AM CST from 1-855-786-0080 (text)

__✓__ Yes _____ No

Question No. 4: Did Adam Wines Consulting, LLC d/b/a Holloway Funding Group prove, by a preponderance of the evidence, that, for the period of time between April 28, 2021 and October 29, 2021, it had the following procedures in place designed to avoid calling, or having others call, telephone numbers on the national Do Not Call Registry: (a) written procedures to comply with the national do-not-call rules; (b) training of trained personnel in procedures established pursuant to the national do-not-call rules; (c) maintaining and recording a list of telephone numbers that the seller may not contact; and (d) using a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules?

Answer "Yes" or "No" no

Question No. 5: For each call or text for which the answer to Question No. 3 is "Yes," which calls and texts, if any, were made in error?

The calls and texts in Question No. 3 are listed in order from a) through m). Answer by writing the letter (from a) through m)) associated with the call or text.

Answer no

Question No. 6: Was an established business relationship formed when Plaintiff Steve Noviello called Defendant Adam Wines Consulting, LLC d/b/a Holloway Funding Group on June 14, 2021?

Answer "Yes" or "No" no

If the answer to Question No. 3 is "Yes" for at least two calls and/or texts, answer Question Nos. 7 and 8 and then follow the instructions preceding Question No. 9.

If the answer to Question No. 3 is "Yes" only for the call on 4/28/21 listed as b), skip Question No. 7 and answer Question No. 8 and then follow the instructions preceding Question No. 9.

Question No. 7: For each call or text for which the answer to Question No. 3 is "Yes," what amount do you find should be awarded to Plaintiff Steve Noviello as damages?

Answer in dollars and cents, from $0.00 up to $500.00.

Only write an amount (from $0.00 up to $500.00) next to those calls or texts for which the answer to Question No. 3 is "Yes."

a) 4/28/21 2:00 PM CST from 1-888-403-4649 (text);

Amount: $500

b) 4/28/21 3:35 pm CST from number unknown (call);

Amount: $500

c) 4/30/21 11:12 AM CTS from 1-833-590-0575 (text);

Amount: $500

d) 5/3/21 4:22 pm CST from number unknown (call);

Amount: $500

e) 5/20/21 10:30 AM CST from 1-855-773-1004 (text);

Amount: $500

f) 5/25/21 11:33AM CST from 1-844-580-2053 (text);

Amount: $500

g) 6/7/21 11:59 AM CST from 1-844-669-0057 (text);

Amount: $500

h) 6/11/21 11:32 AM CST from 1-888-403-4597 (text);

Amount: $500

i) 6/14/21 5:22 pm CST from number unknown (call);

Amount: $500

j) 6/29/21 12:37 AM CST from 1-844-484-0832 (text);

Amount: $500

k) 7/23/21 1:08 PM CST from 1-833-578-0364 (text);

Amount: $500

l) 9/14/21 10:57 AM CST from 1-888-678-1546 (text);

Amount: $500

m) 10/29/21 11:16 AM CST from 1-855-786-0080 (text)

Amount: $500

Question No. 8: Which of the following calls or texts, if any, did Plaintiff Steve Noviello prove by a preponderance of the evidence that Adam Wines Consulting, LLC d/b/a Holloway Funding Group, or someone acting on its behalf, made for telemarketing purposes without instituting and implementing procedures for maintaining a list of persons who request not to receive telemarketing calls?

Answer "Yes" for each call or text proved, if any, and "No" for all others.

a) 4/28/21 2:00 PM CST from 1-888-403-4649 (text);

_______ Yes ✓ No

b) 4/28/21 3:35 pm CST from number unknown (call);

_______ Yes ✓ No

c) 4/30/21 11:12 AM CTS from 1-833-590-0575 (text);

_______ Yes ✓ No

d) 5/3/21 4:22 pm CST from number unknown (call);

_______ Yes ✓ No

e) 5/20/21 10:30 AM CST from 1-855-773-1004 (text);

_______ Yes __√__ No

f) 5/25/21 11:33AM CST from 1-844-580-2053 (text);

_______ Yes __√__ No

g) 6/7/21 11:59 AM CST from 1-844-669-0057 (text);

_______ Yes __√__ No

h) 6/11/21 11:32 AM CST from 1-888-403-4597 (text);

_______ Yes __√__ No

i) 6/14/21 5:22 pm CST from number unknown (call);

_______ Yes __√__ No

j) 6/29/21 12:37 AM CST from 1-844-484-0832 (text);

__√__ Yes _____ No

k) 7/23/21 1:08 PM CST from 1-833-578-0364 (text);

__√__ Yes _____ No

l) 9/14/21 10:57 AM CST from 1-888-678-1546 (text);

___√___ Yes _____ No

m) 10/29/21 11:16 AM CST from 1-855-786-0080 (text)

___√___ Yes _____ No

If you answered "Yes" in Question No. 8 for only one or none of the calls and texts, you are finished. The jury foreperson should sign in the space provided on the last page of this Special Verdict Form and then alert the Court Security Officer that you have reached a verdict.

If you answered "Yes" in Question No. 8 for at least two calls and/or texts, answer Question Nos. 9 and 10.

Question No. 9: How many days from the date (June 14, 2021) on which Plaintiff Steve Noviello made his do-not-call request do you find was a reasonable time within which Defendant Adam Wines Consulting, LLC d/b/a Holloway Funding Group should have honored the request?



Answer 5 business days

Answer Question No. 10.

Question No. 10: For each call or text for which the answer to Question No. 8 is "Yes," what amount do you find should be awarded to Plaintiff Steve Noviello as damages?

Answer in dollars and cents, from $0.00 up to $500.00.

Only write an amount (from $0.00 up to $500.00) next to those calls or texts for which the answer to Question No. 8 is "Yes."

a) 4/28/21 2:00 PM CST from 1-888-403-4649 (text);

Amount: $_______

b) 4/28/21 3:35 pm CST from number unknown (call);

Amount: $_______

c) 4/30/21 11:12 AM CTS from 1-833-590-0575 (text);

Amount: $_______

d) 5/3/21 4:22 pm CST from number unknown (call);

Amount: $_______

e) 5/20/21 10:30 AM CST from 1-855-773-1004 (text);

Amount: $_______

f) 5/25/21 11:33AM CST from 1-844-580-2053 (text);

Amount: $_______

g) 6/7/21 11:59 AM CST from 1-844-669-0057 (text);

Amount: $______

h) 6/11/21 11:32 AM CST from 1-888-403-4597 (text);

Amount: $______

i) 6/14/21 5:22 pm CST from number unknown (call);

Amount: $______

j) 6/29/21 12:37 AM CST from 1-844-484-0832 (text);

Amount: $500

k) 7/23/21 1:08 PM CST from 1-833-578-0364 (text);

Amount: $500

l) 9/14/21 10:57 AM CST from 1-888-678-1546 (text);

Amount: $500

m) 10/29/21 11:16 AM CST from 1-855-786-0080 (text)

Amount: $500

If you have answered Question No. 10, you are finished. The jury foreperson should sign in the space provided below and then alert the Court Security Officer that you have reached a verdict.

SO SAY WE ALL.

[signature]
JURY FOREPERSON

2/28/23
DATE