IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE NOVIELLO, <br><br>　　　　Plaintiff, <br><br>V. <br><br>ADAM WINES CONSULTING, <br>LLC d/b/a HOLLOWAY FUNDING <br>GROUP, <br><br>　　　　Defendants. | § § § § § § § § § § § § §　　No. 3:22-cv-52-BN |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
PREJUDICE MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

　　Donald E. Uloth has filed an Opposed Motion to Withdraw as Counsel for Defendant Adam Wines Consulting LLC d/b/a Holloway Funding Group. *See* Dkt. No. 76. Mr. Uloth explains that "Defendant engaged the undersigned counsel to represent it through trial"; "[t]he case has now been tried, so the engagement has ended"; "[t]he undersigned attorney has emailed and called his contact, Adam Wines, to discuss if further representation will be authorized, but the attorney has been unable to reach Wines, and Wines has not responded to the attorney's emails and phone calls"; "[p]ursuant to the Texas Disciplinary Rules of Professional Conduct, a lawyer must withdraw when 'the lawyer is discharged, with or without good cause,' Rule 1.15(a)(3)"; and, "[b]ecause this was a limited engagement that has now ended, the attorney has been discharged by the client and the attorney must withdraw" and "[t]here is therefore good cause for granting this motion." *Id.* at 1.

　　Plaintiff Steve Noviello opposes the request and asserts that

-1-

[a]fter this case has been fully litigated and tried to a verdict, Holloway's counsel seeks to withdraw at the absolute last hour of the existence of this case. Because there is no reason to deviate from the general proposition that attorney representation continues until the completion of a case and because withdrawal at this juncture would cause undue delay to the completion of this case, Plaintiff opposes that motion.

….

After discovery and adjudication of Defendant's summary judgment motion, at the pre-trial conference on February 24, 2023, Don Uloth advised the Court his client Adam Wines may not be able to appear at trial due to "weather."

Noviello's counsel told the Court he would be agreeable to Adam Wines testifying remotely at trial to prevent any travel-related hardship (even though his counsel flew in to Dallas from Philadelphia for trial).

Even with that accommodation offered, at the February 27 and 28, 2023 trial, Adam Wines did not appear in person or by Zoom.

After a day and a half trial, the jury entered a verdict for Noviello for his federal do-not-call claim on each of the 13 calls and texts and for his internal do-not-call claim on the final 4 calls and texts.

On March 1, 2023, Plaintiff filed his motion for treble damages, for recovery of the internal do-not-call claim as discrete violations from the federal do-not-call claim, and to reduce the jury verdict to a judgment.

On March 6, 2023, Holloway's counsel filed his motion to withdraw as counsel for Holloway without any client signature or indication Mr. Wines/Holloway consents to the withdrawal.

Despite the fact that an LLC cannot represent itself pro se or through a non-attorney, there is no indication from Uloth's motion that Holloway has substitute counsel that will enter an appearance.

….

As set forth below, Holloway's counsel lacks good cause to withdraw. Even if good cause did exist, it is outweighed by the prejudice caused to Plaintiff and the disruption to the administration of justice.

….

**B. Where a lawyer is presumptively obligated to represent a client until the completion of a case, Holloway's counsel lacks good cause to withdraw.**

….

In his Motion, Mr. Uloth argues that he lacks authority to respond to Plaintiff's pending Motion. Doc. No. 76. However, the presumption exists that representation continues until the completion of the case. Uloth has presented no evidence Holloway wishes for his withdrawal to rebut the presumption that representation continues until the case is closed. Accordingly, good cause does not exist to withdraw.

> **C. Withdrawal of defense counsel at the absolute final hour of litigation would cause undue prejudice to Noviello and cause needless delay**
>
> In *Globeranger* [*Corp. v. Software AG*, No. 3:11-cv-403-B, 2014 WL 11456069 (N.D. Tex. July 11, 2014)], Judge Boyle denied a motion to withdraw as counsel due to the late stage in litigation when it was still three months before trial…. The Parties in this matter are well past the stage described above in *Globeranger*, as they have already tried the case to a verdict.
>
> Further, the fact that Holloway does not appear to have substitute counsel, and LLC's cannot represent themselves, poses another impediment to efficiently concluding this case. …. There is no indication Holloway has retained substitute counsel, and no reason to believe it wishes to do so.
>
> A consideration of the relative burden to the Parties also supports denying the motion. Uloth has already tried the case and filed a motion to withdraw as counsel that likely took as much or more time than it would to file a response to the narrow issues presented in Plaintiff's motion for judgment. Holloway cannot be said to be burdened by continued representation, as there Adam Wines did not even bother to articulate a position in favor of the proposed withdrawal. On the other hand, Noviello took off two days of work to appear at trial. He is entitled to finality. Forcing Noviello to wait indefinitely for new defense counsel would be a gross injustice, in the absence of any indication substitute counsel will appear and the case is 99% of the way complete. Accordingly, it would harm the administration and interest of justice to grant counsel's motion at this juncture.
>
> All of the factors considered for motions to withdraw as counsel favor disallowing the proposed last-minute withdrawal.

Dkt. No. 78 at 1-2, 3-4, 6-10 (cleaned up).

The Court held a video teleconference hearing over Zoom on the motion on March 21, 2023, at which Mr. Uloth and Plaintiff's counsel appeared but Adam Wines, as Defendant's owner and representative, failed to appear and participate. *See* Dkt. Nos. 77 & 79. At the hearing, Mr. Uloth reported that he has sent Mr. Wines several emails (including to inform him of this hearing and the Court's direction that

Mr. Wines attend) and has made several calls to Mr. Wines and that those calls and emails have gone unanswered.

As a preliminary matter, the Court cannot agree with Noviello's assertion that, "because no further steps are required of Holloway, its counsel's motion to withdraw should be denied as moot." *Id.* at 5. Whether Defendant will or may file a response to the pending post-verdict motion likely depends on whether Mr. Uloth is granted leave at this time to withdraw. And the Court cannot adopt Noviello's premise that what a response might say could not affect the Court's determination of the remaining issues.

As to the merits of Mr. Uloth's motion, "[a]ttorneys normally are expected to work through the completion of a case." *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). And so an attorney of record may not withdraw as counsel of record until certain requirements are satisfied. The question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (cleaned up).

The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.*; *accord* N.D. Tex. L. Civ. R. 83.12(a) (requiring that "an attorney desiring to withdraw in any case must file a motion to withdraw"). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Intellipay*, 828 F. Supp. at 34 ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").

"A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case." *Edwards v. Oliver*, No. 3:17-cv-1208-M-BT, 2022 WL 4820147, at *1 (N.D. Tex. Sept. 30, 2022). "Whether good cause exists for an attorney to withdraw is a question of federal law. That question is answered primarily by referring to the standards for withdrawal articulated in national ethics canons and in the ethics rules adopted by the court." *Id.* at *2 (cleaned up). And, at least through Local Civil Rule 83.8(e), the United States District Court for the Northern District of Texas "has adopted the Texas Disciplinary Rules of Professional Conduct." *Id.*

"If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. This is especially true where … an attorney seeks to withdraw over his client's objection." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (cleaned up).

Mr. Uloth asserts good cause based on Defendant's having engaged him to represent it through trial and his assertions that, because this was a limited engagement that has now ended, he has been discharged by the client and, under Texas Disciplinary Rules of Professional Conduct 1.15(a)(3), must withdraw, with or without good cause. At the hearing, Mr. Uloth asserted that, because the term of his engagement under his written agreement with Defendant extends only "through trial," he has no actual authority to represent Defendant going forward.

Mr. Uloth's argument depends on the terms of his representation agreement with Defendant. He is not reporting that Defendant has affirmatively fired or discharged him as its lawyer or has objected to Mr. Uloth continuing at its attorney.

Texas Rule of Disciplinary Conduct 1.15(a)(3) provides that "[a] lawyer shall decline to represent a client or, where representation has commenced, shall withdraw, except as stated in paragraph (c), from the representation of a client, if: … (3) the lawyer is discharged, with or without good cause." But Texas Rule of Disciplinary Conduct 1.15(c) – as incorporated into Rule 1.15(a)(3)'s "except" clause – provides that, "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." *See In re Fernandez*, 478 F. App'x 138, 140 (5th Cir. 2012) (explaining that "[i]ntractable clients … can undeniably force attorneys into difficult situations" and that "such situations may present sufficient grounds to seek leave to withdraw" but also that Rule 1.15(c) "requir[es] an attorney to remain as counsel if the court so orders").

Consistent with those rules, courts in this circuit have explained that, "even if good cause is shown, a court may deny counsel's request to withdraw," *Taylor v. Brooke Franchise Corp.*, No. 6:08-CV-249-JDK, 2019 WL 13221156, at *1 (E.D. Tex. Mar. 14, 2019), and determined that, where an attorney "offered no reason for withdrawal beyond the termination of their 'attorney-client relationship under the terms of their engagement agreement,'" the attorney "failed to meet its burden" because "[t]ermination of the attorney-client relationship – with no explanation for the termination – does not constitute good cause," *Terra Tersus, LLC v. XTO Energy,*

*Inc.*, No. 6:17-CV-697-RWS-KNM, 2018 WL 10125126, at *1 (E.D. Tex. Aug. 29, 2018) (cleaned up).

Mr. Uloth's argument for having shown good cause, even if accepted under other circumstances, does not resolve this motion. Even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-cv-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)).

To address this additional requirement, courts typically consider a number of other factors when determining whether to allow an attorney to withdraw. *See id.*; *White*, 2010 WL 2473833, at *2-*3. Chief among these factors are "undue delay in the proceedings, prejudice to the client, and the interests of justice." *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-cv-472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 634 F.2d at 882; *Honda Power Equip., Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)); *see also White*, 2010 WL 2473833, at *3 (explaining that these factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice").

Looking to the relevant factors, the Court determines that prosecution and completion of this lawsuit would be disrupted by Mr. Uloth's withdrawal. Even if Defendant retained new counsel, that attorney "would need time to get up to speed" to address the one remaining post-verdict motion. *Whiteside v. Cimble Corp.*, No. 4:17-CV-404-KPJ, 2021 WL 1163724, at *3 (E.D. Tex. Mar. 26, 2021). "More concerningly, because this matter involves [an LLC], and [LLCs] cannot proceed pro se, the prosecution of this lawsuit would be substantially disrupted by allowing [Mr. Uloth] to withdraw from representing Defendant[] at this late hour." *Id.* The length of time that "this case has been pending and the case's procedural posture" also "weigh[] against granting the motion to withdraw." *Id.* And, "[e]ven if [Defendant were to retain] substitute counsel, [its] new attorney would only be duplicating [Mr. Uloth's] efforts" to date, which is "is wasteful and not in the interest of justice." *Edwards*, 2022 WL 4820147, at *7.

The Court does not discount the financial burden on Mr. Uloth to draft and file a response under the circumstances. But, after careful consideration, the Court finds that Mr. Uloth has not made the required showing for withdrawal at this time. Even if the matters that he raises constitute good cause, the Court finds that the extent to which the attorney's withdrawal will disrupt and delay the case's completion and the length of time that the case has been pending and the procedural posture of the case weigh against allowing Mr. Uloth's withdrawal at this time.

The Court DENIES the Motion to Withdraw as Counsel [Dkt. No.7] without prejudice to Mr. Uloth's renewing the request through a later motion after the Court resolves the pending post-verdict motion and enters judgment.

Any response by Defendant Adam Wines Consulting, LLC d/b/a Holloway Funding Group Plaintiff's Motion for a Judgment on Jury Verdict as to Internal DNC Claims and Motion for an Award of Treble Damages [Dkt. No. 75] must be filed by **Wednesday, March 29, 2023**, and, if a response is filed, any reply in support of Plaintiff's motion must be filed by **Monday, April 3, 2023**.

SO ORDERED.

DATED: March 21, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE